**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DON BURRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1104-M |
| ) | |
| WEYERHAEUSER COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is defendant's Partial Motion to Dismiss for Improper Venue, Motion to Transfer, filed October 17, 2005. On November 4, 2005, plaintiff filed his response, and on November 15, 2005, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Background

Plaintiff was an employee of defendant in its Valliant, Oklahoma containerboard mill from 1971 to 2002. Plaintiff was terminated from his employment on October 1, 2002. On September 20, 2005, plaintiff brought the instant action against defendant, alleging the following causes of action: (1) violation of the Age Discrimination in Employment Act, (2) violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), (3) violation of 42 U.S.C. § 1981, and (4) violation of the Employee Retirement Income Security Act of 1974.

II.  Partial Motion to Dismiss

Defendant moves the Court to dismiss plaintiff's Title VII claim. Defendant asserts that venue of this cause of action is not proper in the Western District of Oklahoma.

Title VII contains its own venue provision. *See* 42 U.S.C. § 2000e-5(f)(3). "It has long been settled in [the Tenth Circuit] that this provision, rather than the general venue statute, governs venue

in Title VII actions." *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998).

Section 2000e-5(f)(3) provides, in pertinent part:

> Such an action may be brought <u>in any judicial district in the State</u> in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (emphasis added).

The parties agree that the alleged unlawful employment practice in this case was committed in Valliant, Oklahoma. Thus, pursuant to the clear language of Section 2000e-5(f)(3), this action may be brought in any judicial district in Oklahoma. Because the Western District of Oklahoma is a judicial district in Oklahoma, the Court finds that venue of plaintiff's Title VII claim is proper in the Western District of Oklahoma. Accordingly, the Court finds that defendant's partial motion to dismiss should be denied.

III. Motion to Transfer

Defendant also moves this Court to transfer this action to the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1404(a).[1] Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

---

[1] In his response, plaintiff asserts that Tulsa, Oklahoma is not more convenient than Oklahoma City. The United States District Court for the Eastern District of Oklahoma, however, is located in Muskogee, Oklahoma, not Tulsa.

2

district or division where it might have been brought.[2]

28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Jacobs v. Lancaster*, 526 F. Supp. 767, 769 (W.D. Okla. 1981) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960)).

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). A district court has discretion to adjudicate motions to transfer based upon an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 1516 (internal quotations and citations omitted).

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.*[3]

---

[2] The parties do not dispute that this action could have been brought in the United States District Court for the Eastern District of Oklahoma.

[3] In the case at bar, the following factors are not relevant: (1) questions of the enforceability of a judgment if one is obtained; (2) relative advantages and obstacles to a fair trial; (3) difficulties that may arise from congested dockets; (4) the possibility of the existence of questions arising in the area of conflict of laws; and (5) the advantage of having a local court determine questions of local law.

"Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Chicago, Rock Island and Pacific R.R. Co. v. Hugh Breeding, Inc.*, 232 F.2d 584, 587 (10th Cir. 1956) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1957)). "However, this factor has reduced value where there is an absence of any significant contact by the forum state with the transactions or conduct underlying the cause of action." *Roc, Inc. v. Progress Drillers, Inc.*, 481 F. Supp. 147, 151 (W.D. Okla. 1979). *See also Jacobs*, 526 F. Supp. at 769.

Having carefully reviewed the parties' submissions, the Court finds in the interest of justice and judicial economy, and for the convenience of the parties and witnesses, the case at bar should be transferred to the United States District Court for the Eastern District of Oklahoma. First, the Court finds that plaintiff's choice of forum has reduced value in this case because the conduct underlying plaintiff's causes of action all occurred in Valliant, which is located within the Eastern District of Oklahoma. Second, the Court finds the convenience of the parties and the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure the attendance of witnesses, weighs in favor of transferring the instant action. Specifically, the Court finds that nearly all witnesses having knowledge of and records relating to plaintiff's employment, his termination from employment, and defendant's alleged failure to re-hire plaintiff are located in the Eastern District of Oklahoma; the only witness who resides in the Western District of Oklahoma is plaintiff. Further, the Court finds that the distance from Valliant to Muskogee, where the United States District Court for the Eastern District of Oklahoma is located, is significantly less than the distance from Valliant to Oklahoma City, whether this Court is located.[4]

---

[4]It is 162 miles from Valliant to Muskogee, and it is 225 miles from Valliant to Oklahoma City.

The Court, therefore, finds that defendant's motion to transfer should be granted.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Partial Motion to Dismiss for Improper Venue [docket no. 9], GRANTS defendant's Motion to Transfer [docket no. 9], and TRANSFERS this action to the United States District Court for the Eastern District of Oklahoma.

**IT IS SO ORDERED this 16th day of March, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE